\IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STUDIUM, INC., Plaintiff, | ) | |
| v. | ) | 12 C 212 |
| MATERIALS MARKETING, LTD., successor in interest to MATERIALS MARKETING CORPORATION Defendant. | ) | Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Studium, Inc., the seller of a defective batch of residential tiles, seeks indemnity from Materials Marketing, Ltd., the manufacturer of the defective tiles, for a $125,000.00 settlement payment that Studium made to one of its customers who purchased the tiles. Materials Marketing now moves to dismiss Studium's Complaint on the grounds that it is not responsible in an action for indemnification for a settlement payment voluntarily made by Studium to one of its customers. Applying New York law to this diversity action, the indemnity claims of Studium's Complaint survive and Materials Marketing's Motion to Dismiss Counts I-III is denied. Because Studium has decided not to prosecute Count IV of its Complaint, that claim is accordingly dismissed.

**I. Background**

When considering a motion to dismiss, all reasonable inferences must be drawn in favor of the nonmoving party, and the veracity of the well-pleaded allegations is assumed.

*See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Studium, Inc. operates a showroom in New York and sells decorating materials made by a variety of manufacturers. Prior to this litigation, Studium distributed Materials Marketing products for more than ten years. One of the Materials Marketing products sold by Studium and appearing in its showroom was Vintage Classic Tile.

In 1999, Studium sold Materials Marketing's Vintage Classic Tile to one of its customers, Manny Haber. Shortly after purchasing the tile for his summer home, Haber asked Studium if the tile was suitable for outdoor use. Studium inquired with the manufacturer, Materials Marketing, and Materials Marketing affirmatively advised Studium that the tile was suitable for outdoor use. Materials Marketing then supplied Studium with outdoor installation instructions for the Vintage Classic Tile.

Relying on Materials Marketing's representation, Studium advised Haber that the tile was suitable for outdoor use and supplied him with the outdoor installation instructions that Materials Marketing had furnished to Studium. From 2000 through 2002, Haber purchased a significant volume of Vintage Classic Tile; enough to cover the deck and pool areas of his large summer home.

In the summer of 2004, Haber's outdoor Vintage Classic Tile began to delaminate and crack. Haber sued Studium and Materials Marketing in the Supreme Court of the State

of New York, New York County for damages suffered from the defective product. *See Haber v. Studium, Inc.*, 881 N.Y.S.2d 363 (Sup. Ct. 2009). In answering Haber's complaint, Studium included cross-claims against Materials Marketing for breach of warranty and contribution. *See id.* The Supreme Court of the State of New York granted Material Marketing's motion for summary judgment, holding that New York lacked personal jurisdiction over Materials Marketing sufficient to hale it into court in New York State. *See id.* at *5. Haber's claims against Studium were therefore severed from his claims against Materials Marketing and proceeded to a trial on the merits. *See id.*

In June 2010, after a two-day trial, the Supreme Court of the State of New York issued a decision in favor of Haber and against Studium. The Court found that the Vintage Classic Tile was not suitable for outdoor installation. On July 20, 2010, a judgment was entered against Studium and in favor of Haber in the amount of $138,765.14. Studium appealed to the New York Supreme Court, Appellate Division. In May 2011, while the case was pending before the appellate court, Studium settled with Haber for the discounted sum of $125,000.00. Studium now brings suit in this Court for indemnification against Materials Marketing for breach of express warranty (Count I); breach of warranty of fitness for a particular purpose (Count II); breach of warranty of merchantability (Count III); and breach of contract (Count IV).

## II. The Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the well-pleaded facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670); *accord Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id* at 679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 678.

## III. Discussion

A federal court sitting in diversity does not necessarily apply the substantive law of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also*

*Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). Rather the Court applies the choice-of-law principles of the forum state to determine what substantive law to apply to the underlying dispute. *See id.* Because this case is before the Court pursuant to its grant of diversity jurisdiction under 28 U.S.C. § 1332, Illinois, the forum state, choice-of-law principles apply. *See Auto-Owners Ins. Co.*, 580 F.3d at 547; *Int'l Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1376 n. 4 (7th Cir. 1985). When selecting the appropriate state substantive law to apply to a case, Illinois uses the "most significant relationship" approach to choice-of-law disputes. *See Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996). The "most significant relationship" approach is rooted in Sections 6 and 145 of the Restatement (Second) of Conflicts of Laws. *See Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 903 (Ill. 2007).

Studium argues that New York law applies to the instant dispute, while Materials Marketing maintains that Illinois law applies. Under Section 145 of the Restatement, four contacts are integral to the choice-of-law analysis: "(1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered." *Esser,* 661 N.E.2d at 1141. The Court must evaluate and balance each of these factors in light of the particular facts and circumstances of the case in order to determine whether Illinois or New York has the more significant

relationship to the instant litigation. *See, e.g., Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526-527 (7th. Cir. 1981).

The injury at issue here arises out of the July 2010 judgment against Studium and the resulting $125,000.00 settlement payment to Haber. The Supreme Court of the State of New York entered judgment in New York. Studium is a New York corporation, with its principle place of business in New York City. Materials Marketing is a Texas corporation, with its principal place of business in San Antonio, Texas. Studium asserts that the relevant contracts between Studium and Haber, as well as between Studium and Materials Marketing, were entered into in New York. Accepting the well-pleaded allegations as true and construing all reasonable inferences in Studium's favor, as the Court is required to do at this stage of the case, the Court finds that New York has the most significant relationship to the litigation. *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670). Therefore, New York substantive law of indemnification applies to the dispute between Studium and Materials Marketing. *See Klaxon Co.*, 313 U.S. at 496.

A seller of a defective product has an implied right of indemnification against the manufacturer of that product. *See Godoy v. Abamaster of Miami, Inc.*, 754 N.Y.S.2d 301, 306 (N.Y. App. Div. 2003). Under New York law, "one who settles a tort action against him may continue to pursue a cause of action for indemnification." *McDermott v. City of New York*, 406 N.E.2d 460, 464 (N.Y. 1980). "When an indemnitor has notice of the claim against

it, the general rule is that the indemnitor will be bound by any reasonable good faith settlement the indemnitee might thereafter make." *Nesterczuk v. Goldin Management,* 911 N.Y.S.2d 367, 371 (N.Y. App. Div. 2010) (citing *Coleman v. J.R.'s Tavern,* 622 N.Y.S.2d 334 (N.Y. App. Div. 1995)); *see also Goldmark Indus. v. Tessoriere*, 681 N.Y.S.2d 327 (N.Y. App. Div. 1998).

Materials Marketing was notified of Studium's claims against it when it was sued by Haber in the New York action and when Studium asserted cross-claims for breach of warranty and contribution against it. *See Nesterczuk,* 911 N.Y.S.2d at 371. Materials Marketing responded to this notification by filing a motion for summary judgment and removing itself from that litigation. Under New York personal jurisdiction standards, which differ in several material respects from federal personal jurisdiction standards, Materials Marketing was successful in removing itself from the New York action. *See Haber*, 881 N.Y.S.2d 363, at *5. It does not follow that because New York lacked sufficient contacts to assert personal jurisdiction over Materials Marketing in the *Haber* action that Materials Marketing is exempt from all subsequent actions at law for indemnification. For the purposes of this Motion, it must be inferred that the settlement Studium reached with Haber for $125,000.00 was a reasonable good faith settlement. *See Nesterczuk,* 911 N.Y.S.2d at 371. Accordingly, Studium's indemnity claims (Counts I-III) can proceed and Materials Marketing's Motion to Dismiss those claims must be denied.

Because the disputed contract is one for the sale of goods, a four year statute of limitations applies to actions arising therefrom. N.Y. U.C.C. Law § 2-725 (McKinney 2012). In its Reply to Materials Marketing's Motion to Dismiss, Studium concedes that the breach of contract claim that it alleges in Count IV of its Complaint is barred by the four year statute of limitations. Studium therefore conceded that it will not continue prosecuting that claim. Count IV is accordingly dismissed.

**IV. Conclusion**

For the reasons set forth above, Materials Marketing's Motion to Dismiss Counts I, II, and III of Studium's Complaint alleging causes of action for indemnification is denied. Due to Studium's concession that it will not continue prosecuting Count IV of its Complaint for breach of contract, that Count is accordingly dismissed.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: June 25, 2012